01

02

03

04
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
05
AT SEATTLE

06 MICHAEL DUANE BENJAMIN,          )   CASE NO.: C06-0759-RSM
                                    )
07          Petitioner,             )
                                    )
08     v.                           )   REPORT AND RECOMMENDATION
                                    )
09 STATE OF WASHINGTON,             )
                                    )
10          Respondent.             )
   _____ )

11

12          Petitioner is a federal prisoner who has filed *pro se* a "petition for a writ of error coram

13 nobis." He claims in the petition that in 2003, before he commenced his current federal sentence,

14 he was sentenced by a state trial court to 22 months' imprisonment after pleading guilty to second

15 degree theft. (Petition at 1-2). Petitioner contends that the sentencing court directed that the state

16 sentence be served concurrently with any other sentence that might be imposed. However,

17 petitioner apparently finished serving the state sentence in April 2004, whereupon he was released

18 to federal authorities pursuant to a federal detainer. (Petition, Ex. B at 1). Some time after that,

19 petitioner began serving his current federal sentence. Thus, petitioner argues, his state sentence

20 was not served concurrently, but rather consecutively, to the federal sentence. Petitioner claims

21 a constitutional violation has thereby occurred, and seeks to vacate the state conviction. (Petition

22 at 9).

REPORT AND RECOMMENDATION
PAGE -1

01       The petition has not been served on respondent and for the reasons set forth below, the

02   court recommends that it be summarily dismissed.   *See* Rule 4 of the Rules Governing Section

03   2254 Cases in the United States District Courts.  ("If it plainly appears from the petition and any

04   attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

05   dismiss the petition . . . .").  First, petitioner has previously raised this claim regarding his state

06   sentence in this court, through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *See*

07   *Benjamin v. Compton*, Case No. C05-1630-TSZ-JPD.  The court denied that petition, based upon

08   a Report and Recommendation ("R&R") issued by the Honorable James P. Donohue, United

09   States Magistrate Judge.  (Doc. #5 in Case No. C05-1630).   In his R&R, Judge Donohue

10   recommended dismissal because (1) the petitioner was no longer in custody pursuant to the state

11   court judgment under attack; (2) it did not appear that petitioner's federal sentence had been

12   enhanced due to the state court sentence; and (3) even if it had been enhanced, the proper place

13   to challenge the enhanced sentence would be in the federal district where the federal sentence was

14   imposed, which appeared to be the District of Idaho.  (*Id.* at 2-3).

15       The District Court, Thomas S. Zilly, agreed with Judge Donohue's recommendation and

16   dismissed the case.  (Doc. #9 in Case No. C05-1630).  Petitioner is currently appealing that

17   decision to the Ninth Circuit Court of Appeals.  (Doc. #14).  Although Judge Zilly denied

18   petitioner's request for a certificate of appealability (Doc. #15), his appeal could still proceed if

19   the Ninth Circuit grants his request.   *See* Fed. R. App. P. 22(b).  Because the issue raised by

20   petitioner in the instant petition for a writ of error coram nobis is duplicative of his earlier petition,

21   and because that petition is pending before the Ninth Circuit, the petition here should be dismissed.

22   *See United States v. Deeb,* 944 F.2d 545, 548 (9th Cir. 1991).

REPORT AND RECOMMENDATION
PAGE -2

01      In addition, a petition for a writ of error coram nobis does not appear to be the proper

02 vehicle for petitioner's claim.  The Supreme Court has held that coram nobis jurisdiction exists

03 only "in those cases where the errors were of the most fundamental character, that is, such as

04 rendered the proceeding itself irregular and invalid."  *United States v. Mayer*, 235 U.S. 55, 69

05 (1914).  Petitioner does not allege that the sentencing proceeding in state court was either

06 irregular or invalid.  Finally, there is nothing in the record that demonstrates that any other

07 sentence – federal or otherwise – existed at the time petitioner was sentenced by the state court.

08 Therefore, there was no other sentence with which his 22-month sentence *could* have run

09 concurrently.  Accordingly, even if petitioner's claim were properly before this court, it appears

10 to lack merit.

11      For the foregoing reasons, the court recommends that petitioner's petition for a writ of

12 error coram nobis be dismissed.  A proposed order accompanies this Report and

13 Recommendation.

14      DATED this 27th day of June, 2006.

15

16
                            _____
                            Mary Alice Theiler
                            United States Magistrate Judge

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -3